```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

------------------------------x
MARTIN ROSS,                  :
                              :
         Plaintiff,           :
                              :
v.                            :    CASE NO. 3:12CV00141(AWT)
                              :
CITY OF HARTFORD, ROBERT      :
FOGG, JR., and DONALD LINDE,  :
                              :
         Defendants.          :
------------------------------x
```

**RULING ON THE MOTION TO DISMISS**

The defendants, the City of Hartford, Robert Fogg, Jr. and Donald Linde, have moved to dismiss those portions of the Amended Complaint that state claims for false arrest or malicious prosecution and negligent infliction of emotional distress. The plaintiff, Martin Ross, states that he is not asserting a claim for either false arrest or malicious prosecution and therefore the motion is moot as to those points. For the reasons set forth below, the motion to dismiss the claim for negligent infliction of emotional distress within the Third Count of the Amended Complaint is being denied.

**I.   FACTUAL ALLEGATIONS**

"The complaint, which [the court] must accept as true for purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

1

On January 3, 2010, the plaintiff drove from Waterbury to Hartford to pick up his girlfriend. They had a verbal altercation which resulted in her leaving him in Hartford. At some point thereafter, the plaintiff was approached by a police cruiser being driven by defendant Fogg. The plaintiff fled from the officer. After about ten minutes, a second police cruiser, driven by defendant Linde, intercepted the plaintiff. The plaintiff put his hands in the air and stated words to the effect of "I give up, you got me." From this point on, the plaintiff offered no resistance and was fully compliant with orders by the police officers. When defendant Fogg arrived and got out of his cruiser, he violently charged the plaintiff, knocking him to the ground. Fogg then sprayed pepper spray in the plaintiff's face and began to beat him around the face, head, shoulders, back and legs with his fists and hard blunt objects. Defendant Linde assisted Fogg in beating the plaintiff. The plaintiff lost consciousness, and when he regained consciousness an ambulance had arrived.

At the hospital, the plaintiff was treated for head injuries. However, before the hospital could treat injuries to his shoulder, wrist, ring finger and front tooth the officers instructed hospital employees to cease treatment because the plaintiff had to be transported to the police station.

There was a hearing the next day before a judge. The matter

was continued until early February. During his time in custody, the plaintiff received no further medical treatment. The plaintiff suffered permanent injury to his head, front tooth and ring finger. In addition, he continues to suffer from headaches, sleeplessness, nightmares, anxiety and mental and emotional distress.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), citing Papasan v. Allain, 478 U.S. 265, 286 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dept. Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999), quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

**III. DISCUSSION**

The defendants argue that the claim in the Third Count for negligent infliction of emotional distress must be dismissed for two reasons: first, the complaint was filed outside the statute of limitations, and second, the complaint makes claims for both negligent and intentional infliction of emotional distress based on the same underlying conduct.

**A. Statute of Limitations**

Conn. Gen. Stat. § 52-584 imposes a two year statute of limitations for negligence actions. "No action to recover

damages for injury to the person . . . caused by negligence . . .shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . ." Conn. Gen. Stat. § 52-584. The Connecticut Supreme Court has held that, in determining whether the statute of limitations has expired, the term injury within Conn. Gen. Stat. § 52-584 is synonymous with "actionable harm." Tarnowsky v. Socci, 271 Conn. 284, 288 (2004). "'Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action." Id.

> Furthermore, 'actionable harm' may occur when the plaintiff has knowledge of facts that would have put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another. In this regard, the harm complained of need not have reached its fullest manifestation in order for the limitation period to begin to run; a party need only have suffered some form of 'actionable harm.' Finally, the determination of when a plaintiff in the exercise of reasonable care should have discovered 'actionable harm' is ordinarily a question for the trier of fact.

Id.

> To prevail on a claim of negligent infliction of distress, the plaintiff is required to prove that "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress."

Hall v. Bergman, 296 Conn. 169, 182 n. 8 (2010) (quoting Carrol

v. Allstate Ins. Co., 262 Conn. 433, 444 (2003)).

The defendants argue that the complaint in this action was filed after the statute of limitations had expired because the alleged beating occurred on January 3, 2010 and the complaint was not filed until January 30, 2012.  In order for the limitations period to begin to run, the plaintiff either must have discovered, or have been in a position where through the exercise of reasonable care he should have discovered, each of the essential elements of a cause of action for negligent infliction of emotional distress.  One of the elements of the cause of action is that the emotional distress caused him by the defendants was so severe that it might result in illness or bodily harm.  The Amended Complaint alleges that although the plaintiff received hospital care on January 3, 2010, due to the conduct of the officers that hospital care was not sufficient to treat all of his injuries.  The Amended Complaint also alleges that the plaintiff was in custody until early February 2010 and did not receive further treatment during the time he was in custody.  It would be reasonable (1) for the plaintiff not to have discovered the permanent nature of injuries to his head, front tooth and ring finger as a result of the conduct of the officers until he was released in February and received further medical care, and (2) the plaintiff's emotional distress not to have occurred until after he learned of the permanent nature of

6

his injuries.  Drawing all inferences in the plaintiff's favor, he may have discovered, or reasonably should have discovered, that his distress was such that it could result in illness or bodily harm after January 30, 2010.

### B. Pleading in the Alternative

The defendants rely on Frappier v. City of Waterbury, No. 3:07-CV-1457(WWE), 2008 WL 4980362 (D. Conn. Nov. 20, 2008),  for the principle that "a plaintiff 'may not prevail on a negligence claim when she has brought claims of intentional use of excessive force and intentional infliction of emotional distress.'" (Defs Mem. at *7-8.)  In Terebesi v. Solomon, the court analyzed a similar contention:

> Their first contention - that Plaintiffs cannot allege both intentional torts and negligence in the alternative - is incorrect under Connecticut law.  Their reliance on Betencourt v. Slavin, is misplaced for two reasons: first Betencourt was decided on summary judgment with a more fully-developed factual record, and second, its determination was based on New York law, under which "once intentional offensive conduct has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently."  In contrast, under Connecticut law, "a plaintiff is permitted to advance alternative and even inconsistent theories of liability against one or more defendants in a single complaint." Johnson v. Schmitz, 119 F. Supp. 2d 90, 101 (D. Conn. 2000); see also Dreier v. Upjohn Co., 196 Conn. 242, 245 (1985); accord Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340, 346 (1991) (absent a showing of prejudice, inconsistent pleadings are not prohibited).

Terebesi v. Solomon, Civil No. 3:09cv1436(JBA), 2010 WL 3926108 at *10 (D. Conn. Sept. 30, 2012) (internal citations omitted).

The court agrees with the analysis in Terebesi.

In addition, "this case is in the early stages and discovery may support a claim for negligence. It is well established that a party may plead in the alternative." Freckleton v. City of Hartford, No. 3:11CV798 (WWE), 2012 WL 1565127 at *23 (D. Conn. May 2, 2012). The court notes that in American National Fire Ins. Co. v. Schuss, the Connecticut Supreme Court stated that "it is axiomatic, in the tort lexicon, that intentional conduct and negligent conduct, although different only in matter of degree are separate and mutually exclusive." 221 Conn. 768, 775 (1992). However, that statement in Schuss did not address the pleading stage of a case but, rather, findings by a jury.

**IV. CONCLUSION**

For the reasons set forth above, the Motion to Dismiss (Doc. No. 22) is hereby DENIED.

It is so ordered.

Dated this 4th day of March, 2013, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge